IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as the Personal Representative of the
Wrongful Death Estate of RUBEN GUERRA QUINONES,
Deceased,

      Plaintiff,

vs.                                                                 18cv321 KG/JFR

NAVISTAR, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Navistar, Inc.'s (Navistar) Motion to Certify an Interlocutory Appeal (Motion), filed March 14, 2019. (Doc. 26). Navistar seeks certification of an interlocutory appeal on this Court's March 4, 2019, Memorandum Opinion and Order determining that Navistar consented to general personal jurisdiction in New Mexico by registering to transact business in New Mexico, transacting business in New Mexico, and appointing an agent for service of process in New Mexico. (Doc. 24). Plaintiff D. Maria Schmidt, as the Personal Representative of the Wrongful Death Estate of Ruben Guerra Quinones, Deceased (Schmidt), filed her response on April 11, 2019, opposing certification of an interlocutory appeal. (Doc. 34). Navistar filed its reply on April 25, 2019. (Doc. 35). Having considered the briefing, the record, and the applicable law, the Court grants Navistar's Motion to Certify an Interlocutory Appeal (Doc. 26), certifies to the Tenth Circuit Court of Appeals this Court's March 4, 2019, Memorandum Opinion and Order (Doc. 24) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and stays this case pending the Tenth Circuit's decision.

The Court addressed the background of this case and the parties' respective arguments in its March 4, 2019, Memorandum Opinion and Order, and finds it not necessary to reiterate the same herein. (Doc. 24).

In the previous Memorandum Opinion and Order, the Court held that issue preclusion does not apply to this case and that New Mexico's consent-by-registration statute remains valid and constitutionally sound pursuant to *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 96 (1917). (*Id.*) at 13. Because the Court concluded that Navistar consented to general jurisdiction in New Mexico, it did not consider or address Schmidt's argument related to specific jurisdiction over Navistar. (*Id.*)

Navistar now moves the Court to certify the previous Memorandum Opinion and Order for interlocutory appeal to the Tenth Circuit, specifically on the question of whether general personal jurisdiction can be predicated on New Mexico's consent-by-registration statute, NMSA 1978, § 53-17-11. (Doc. 26). Navistar does not contest the Court's ruling on issue preclusion. Schmidt opposes certification and further contends that this Court could find specific personal jurisdiction over Navistar. (Doc. 32).

Because the Court did not address specific personal jurisdiction in its original Memorandum Opinion and Order, and finds that it lacks sufficient information to make such a determination, the Court will not now address that argument.

Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided,*

> *however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(emphasis in original). Though not explicitly enumerated in the United States Code or in the Federal Rules of Civil or Appellate Procedure, courts generally analyze § 1292(b) motions to certify interlocutory appeal under a three-part test: 1) whether the issue involves a controlling issue of law; 2) whether there is substantial ground for difference of opinion on that issue of law; and 3) whether an immediate appeal from the order will materially advance the ultimate termination of the litigation. *See, e.g.*, *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005); *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996).

The parties agree that § 1292(b), and no other provision, applies to this Motion. The parties further agree that the question at issue, whether New Mexico's consent-by-registration statute passes constitutional muster in light of the Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), is a controlling question of law.

In addition to this general jurisdiction issue being a controlling question of law, the Court is of the opinion that substantial ground exists for a difference of opinion when considering this question.

> There is a substantial ground for difference of opinion which supports a certificate for an interlocutory appeal if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, if the circuits are in dispute on the questions and the court of appeals has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

2 Fed. Proc., L. Ed. § 3:218 (footnotes omitted) (collecting cases). However, an attorney's contention that one precedent rather than another should apply does not merit interlocutory

appeal. *See Singh v. Daimler-Benz, AG*, 800 F. supp. 260, 263 (E.D. Pa. 1992), *aff'd* 9 F.3d 303 (3d Cir. 1993).

As discussed in the previous Memorandum Opinion and Order, the Tenth Circuit has not addressed consent-by-registration statutes since *Daimler* was decided. Multiple other circuits, however, have addressed this question and have reached differing conclusions. *See* (Doc. 26) at 4, nn. 1-3 (collecting cases). And while the Supreme Court squarely addressed the issue in *Pennsylvania Fire*, it has not directly considered consent-by-registration statutes since 1917.

Finally, interlocutory review is appropriate "in extraordinary cases where decision might avoid protracted and expensive litigation." *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429-30 (9th Cir. 1973). An immediate appeal advances termination of the case if it "would (1) eliminate the need for trial. (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria City. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)).

Immediate appeal will not resolve this case. It will, however, determine whether the parties need to engage in limited, fact-specific discovery to argue specific personal jurisdiction over Navistar, or if the case can proceed without being weighed down by personal jurisdiction questions. The Court finds that an immediate appeal would, therefore, eliminate issues to make discovery easier and less costly.

Though not expressly addressed by the parties, § 1292(b) gives the Court discretion over whether to stay proceedings pending interlocutory appeal. In this case, the Tenth Circuit's decision will determine whether the parties engage in limited discovery on the question of specific personal jurisdiction or engage in full-blown discovery on the merits. It would waste

time and resources to allow discovery to proceed pending immediate appeal. Therefore, the Court stays this case in its entirety until the Tenth Circuit either rejects Navistar's petition for interlocutory appeal or issues its mandate on that appeal.

Under the circumstances of this case, the Court agrees that immediate interlocutory appeal of the Court's March 4, 2019, Memorandum Opinion and Order (Doc. 24), and certification of the general personal jurisdiction question to the Tenth Circuit satisfy the requirements of 28 U.S.C. § 1292(b), and will materially advance the outcome of this case.

IT IS, THEREFORE, ORDERED THAT Navistar, Inc.'s Motion to Certify an Interlocutory Appeal, filed March 14, 2019 (Doc. 26), is granted and this case is stayed pending the outcome of that appeal.

_____
UNITED STATES DISTRICT JUDGE