IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as the Personal
Representative of the Wrongful Death
Estate of RUBEN GUERRA GUINONES,[1]
Deceased,

    Plaintiff,

vs.                                                            Civ. No. 18-321 KG/JFR

NAVISTAR, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon "Defendant Navistar, Inc.'s Objection and Request to Stay Order [Doc. 87]" (Objection), filed April 6, 2020. (Doc. 93). Plaintiff responded on April 24, 2020, and Defendant replied on May 8, 2020. (Docs. 96 and 101). On June 2, 2020, Defendant filed a "Notice of Request for Non-Evidentiary Hearing." (Doc. 102).

As an initial matter, the Court finds that a non-evidentiary hearing will not help the Court in ruling on the Objection. Hence, the Court denies Defendant's request for a non-evidentiary hearing. The Court further notes that on April 10, 2020, the Court granted Defendant's request to stay compliance with the Magistrate Judge's "Order Regarding Plaintiff's Motion to Compel" (Doc. 87), the subject of the Objection, pending the Court's ruling on the Objection. *See* (Doc. 94). Having considered the Objection and the accompanying briefing, the Court declines to rule on the merits of the Objection and remands this matter to the Magistrate Judge for further consideration in light of new evidence presented by the parties.

---

[1] Plaintiff's Complaint for Wrongful Death and Punitive Damages (Complaint) refers to "Guinones" in the caption and elsewhere, as well as to "Quinones." *See* (Doc. 4). To maintain consistency with the caption, the Court will refer to "Guinones."

*I. Background*

This is a strict products liability and negligence case involving a 2009 International 9200i commercial vehicle designed and manufactured by Defendant. In March 2015, Ruben Guerra Guinones was driving a 2009 International 9200i commercial vehicle when he lost control of the vehicle and rolled over. Guinones died as a result of the rollover. In her Complaint, Plaintiff challenges the crashworthiness of the vehicle.

On February 14, 2020, Plaintiff filed a motion to compel production of documents, including the production of computer-assisted design (CAD) program files and Finite Element Analysis (FEA) models used in testing or developing the vehicle model at issue as well as similar vehicle models. (Doc. 75). After full briefing on the motion to compel, the Magistrate Judge held a hearing on the motion to compel. (Doc. 86). The Magistrate Judge subsequently entered an Order Regarding Plaintiff's Motion to Compel in which he ordered, among other things, that Defendant "produce the CAD and FEA files for the 9000i series of vehicles that pertain to cab structure and cab roof structure…." (Doc. 87) at 2.

Defendant now objects to that ruling under Fed. R. Civ. P. 72(a), which provides that the district judge "must consider timely objections" to a non-dispositive Magistrate Judge order "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Defendant argues that the Magistrate Judge's ruling regarding CAD files and FEA models is clearly erroneous because it orders Defendant to produce trade secrets, namely the CAD files and FEA models, "despite Plaintiff's failure to produce any evidence showing that her need for the data outweighed [Defendant's] need to protect it." (Doc. 93) at 1. Hence, Defendant contends that the Court should set aside the part of the Order Regarding Plaintiff's Motion to Compel pertaining to the production of CAD files and FEA models. However, if the Court orders

Defendant to produce the CAD files and FEA models, Defendant proposes a protective order to safeguard its trade secrets.[2]

In support of her opposition to the Objection, Plaintiff attaches to her response a declaration by her mechanical engineering expert, Toby Kim Parnell.  (Doc. 96-1).  In its reply, Defendant attaches affidavits by a former mechanical engineer, Richard A. Mink, and its Chief Engineer, Cab in White, Ray Baggett.  (Docs. 101-1 and 101-2).  Neither the Parnell declaration nor the affidavits by Mink and Baggett were presented to the Magistrate Judge for his consideration prior to ruling on Plaintiff's motion to compel.

Also, in its reply, Defendant asks the Court to sustain its Objection so that it need not produce any CAD files or FEA models.  In the alternative, Defendant asks the Court to

> refer the matter back to the Magistrate [Judge] for his further consideration as to whether any production should be made at all, and order that if any production is required, it should be made under the provisions suggested by [Defendant] to this Court, as well as any additional necessary provisions.

(Doc. 101) at 12, ¶ F.

*II.  Discussion*

The Court observes that Rule 72(a) "does not authorize a district court to consider new evidence when reviewing a magistrate's decision on a pretrial non-dispositive order." *In the Matter of Search of Info. Associated with Email Addresses Stored at Premises Controlled by the Microsoft Corp.*, 212 F. Supp. 3d 1023, 1038 (D. Kan. 2016); *see also Oleksy v. Gen. Elec. Co.*, 2013 WL 3944174, at *10 (N.D. Ill.) (noting that "[w]hen a district court reviews objections to a magistrate's decision on a nondispositive matter, such as a discovery dispute, it may not consider evidence that was not presented to the magistrate judge") (citing *Haines v. Liggett Group, Inc.*,

---

[2] The Court notes that on November 12, 2019, the Magistrate Judge entered an Agreed Protective Order that applies to trade secrets.  (Doc. 60).

3

975 F.2d 81, 91 (3d Cir. 1992)). Here, the Parnell declaration and the affidavits by Mink and Baggett are new evidence not presented previously to the Magistrate Judge. As such, the Court cannot consider that evidence in ruling on the Objection. Moreover, the Magistrate Judge did not have the benefit of the Parnell declaration or the affidavits by Mink and Baggett when he ruled on Plaintiff's request for production of the CAD files and FEA models. The Court, therefore, determines that in the interest of justice a remand of this matter to the Magistrate Judge is appropriate to provide the Magistrate Judge a full opportunity to consider the new evidence and "to develop a more complete expression of his adjudication." *Pub. Interest Research Grp. of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1549 (D.N.J. 1993), *aff'd in part, rev'd in part on other grounds,* 50 F.3d 1239 (3d Cir. 1995) (remanding matter to Magistrate Judge to consider "arguments and documents … not fully presented to Magistrate Judge…..").

IT IS ORDERED that

1. Defendant's request for a non-evidentiary hearing is denied; and

2. Defendant Navistar, Inc.'s Objection and Request to Stay Order [Doc. 87], (Doc. 93), is granted in that the issue of whether Defendant must produce the CAD files and FEA models is remanded to the Magistrate Judge for further consideration, including whether an additional protective order, as proposed by Defendant, is necessary if Defendant is ordered to produce the CAD files and FEA models.

_____
UNITED STATES DISTRICT JUDGE