IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as the Personal
Representative of the Wrongful Death
Estate of RUBEN GUERRA GUINONES,
Deceased,

       Plaintiff,

vs.                                                              Civ. No. 18-321 KG/JFR

NAVISTAR, INC.,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION TO APPROVE SETTLEMENT BENEFITTING A MINOR

**THIS MATTER** is before the Court on the parties' Joint Motion for Court Approval of Settlement on Behalf of the Minor Plaintiff Beneficiary of the Estate ("Motion"), filed March 24, 2021. Doc. 134. By an Order of Reference filed March 25, 2021, the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the motion. Doc. 135. The Court held a closed fairness hearing on the record on Monday, April 12, 2021, at 9:30 a.m. Andrew Counts appeared on behalf of Plaintiff. Clayton J. Callen appeared on behalf of Defendant. Raynard Struck appeared as Guardian Ad Litem. Maribel Alarcon Espinosa was present on behalf of the minor child. MariaRosa Hester was present as an interpreter.

"A trial court in an action involving minor children has a special obligation to see that they are properly represented, not only by their own representatives, but also by the court itself." *Garcia v. Middle Rio Grande Conservancy Dist.*, 664 P.2d 1000, 1006 (N.M. Ct. App. 1983) (citations omitted), *overruled on other grounds by Montoya v. AKAL Sec., Inc.,* 838 P.2d 971,

974 (N.M. 1992). "It is well-settled law that when the case involves children, the trial court has broad authority to fashion its rulings in [the] best interests of the children." *Chisholm v. Rueckhaus*, 948 P.2d 707, 712 (N.M. Ct. App. 1987). "In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child." *Garcia,* 664 P.2d at 1006. "[W]hen a settlement involving minors is presented to a court for approval and the information before the court indicates that the settlement is not fair to the minor, the court must reject the settlement." *Shelton v. Sloan*, 977 P.2d 1012, 1020 (N.M. Ct. App. 1999).

In reviewing the fairness of the settlement entered into by the parties herein, the Court has been guided by the following factors:

> (1) whether the settlement terms were fairly and honestly negotiated; (2) whether serious questions of law or fact exist, placing the ultimate outcome of litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of a greater future recovery after protracted and expensive litigation; and (4) whether the settlement is fair and reasonable in its effect.

*Ball v. DATS Trucking, Inc.,* Civ. No. 1-94 JB/WPL, Doc. 61 at 4 (D.N.M. filed Dec. 1, 2012) (citing *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 322, 324 (10th Cir. 1983)) (hereinafter "*Jones* factors").

In addition to assisting the parties in negotiating this settlement and reviewing relevant documents, the Court has reviewed the parties' Motion and the Guardian Ad Litem's Report. The Court has also considered counsels' presentations and the testimony at the fairness hearing. Collectively, the record and presentations reveal a thorough, detailed, and comprehensive investigation of whether, and efforts undertaken to provide assurance that, the settlement agreement is fair, reasonable, and in the best interests of the minor child.

For these reasons, the Court being fully advised in the premises, hereby FINDS as follows:

1. The Court has jurisdiction over the parties and subject matter herein;

2. Plaintiff fully understands the terms of the settlement and the proposed distribution of funds as it relates to the minor child;

3. The settlement entered into by the parties is fair, reasonable, and in the minor child's best interests, and should be approved and confirm by the Court.

4. With respect to the *Jones* factors, the Court specifically finds that (a) the settlement herein was negotiated honestly and fairly; (b) serious questions of law and fact place the ultimate outcome of the litigation in doubt; (c) the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation; and (d) the settlement is fair and reasonable in its effect in light of the minor child's claims, damages, Defendant's defenses, the burdens of ongoing litigation, and the unpredictability of a trial.

5. The distribution of settlement funds as proposed is essential to this Court's approval of the settlement and is in all respects fair, proper, reasonable, and in the best interests of the minor child.

For all of the foregoing reasons, the Court recommends as follows:

1. The parties' Joint Motion for Court Approval of Settlement on Behalf of the Minor Plaintiff Beneficiary of the Estate (Doc. 134) be **GRANTED**;

2. All funds from the settlement for the minor child shall be received by her as set forth in the Guardian Ad Litem's Report.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**